**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-60729 cons/w
No. 96-60730
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOU CAROLYN MCPHAIL,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Mississippi
(3:96-CV-014-D)

June 30, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lou Carolyn McPhail, federal prisoner #09655-042, and Sarah Trilby McPhail, federal prisoner #09657-042, appeal from the district court's denial of their motions to modify their sentences pursuant to 18 U.S.C. § 3582 (c)(2). Essentially, the McPhails argue the district court abused its discretion in denying their motions. They contend that a 1995 amendment to the sentencing guidelines, Amendment 516, applies retroactively to their sentences for possession with intent to

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

distribute marijuana. Although the guidelines gave retroactive effect to Amendment 516, its application to the McPhail's convictions does not result in reductions in sentence. As the McPhails were convicted of possessing in excess of 14,000 marijuana plants which, even under Amendment 516, equates to in excess of 1000 kilograms of marijuana, the statutorily mandated minimum sentence of ten years' imprisonment that they received initially for the narcotics convictions remains unaffected by the amendment. *See* U.S.S.G. §X 5G1.1 (c)(2). Therefore, the district court did not abuse its discretion in denying the McPhails' motions to modify their sentences. Accordingly, the district court's judgment denying the McPhails' § 3582 (c)(2) motions is AFFIRMED.